IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| PHYLLIS CAUDLE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) CV-98-C-3065-NE |
| CITY OF HUNTSVILLE, ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

FILED
00 JUL 25
U.S. DISTRICT COURT
N.D. OF ALABAMA

JUL 2 5 2000

MEMORANDUM OPINION GRANTING PARTIAL SUMMARY JUDGMENT

Defendants have filed a *Motion for Summary Judgment* pursuant to Federal Rule of Civil Procedure 56. Plaintiffs allege that on November 26, 1996, Huntsville Police Officers Brian Hudson and Mark Hammonds assaulted and unlawfully arrested them in violation of the Fourth, Fifth, and Fourteenth Amendments to the Federal Constitution and Alabama law. Plaintiffs argue that they are due damages from the City of Huntsville because its negligent supervision over the individual defendants and the municipality's lackluster enforcement of disciplinary procedures proximately caused Plaintiffs' injuries.

Although it is well established that municipalities and local governmental units may be considered "persons" for purposes of imputing liability for section 1983 violations,[1] local government units cannot be held liable under a *respondeat superior* theory. *See Hardy v. Town of*

---

[1] 42 U.S.C. § 1983 provides in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).



*Hayneville*, 50 F. Supp. 1176, 1187 (M.D. Ala. 1999). Rather, a cause of action premised upon section 1983 may only lie where the local government's execution or implementation of a policy inflicts the constitutional injury. *See Pembaur v. Cincinnati*, 475 U.S. 469 (1986); *Riley v. Newton*, 94 F.3d 632, 637 (11th Cir. 1996); *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1195 (11th Cir. 1994).

The undisputed facts indicate that the municipality has promulgated no policy nor maintained a custom which endorses the officers' illegal conduct. In fact, the evidence shows that the City of Huntsville has implemented guidelines for disciplining police officers who engage in brutality "under the color of law." Because Plaintiffs can identify no policy which affirmatively sanctions the officers' conduct, the City of Huntsville is entitled to summary judgment.

On the other hand, as to Officers Hudson and Hammonds, Plaintiffs have raised genuine issues of material fact regarding the individual defendants' tortious conduct. Viewing the evidence in a light most favorable to Plaintiffs, a factfinder could conclude that Officers Hudson and Hammonds physically assaulted Plaintiffs and subjected them to an unreasonable search and arrest without requisite probable cause. Such conduct would violate clearly-established constitutional rights or statutory rights. *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Ainsley v. Heinrich*, 925 F.2d 1339, 1344 (11th Cir. 1991).

Based on the foregoing, summary judgment is due to be GRANTED as to the City of Huntsville. This case shall, however, proceed as to the individually-named defendants, Officers Brian Hudson and Mark Hammonds.

DONE this 24th day of July, 2000.

_____
UNITED STATES DISTRICT JUDGE
U.W. CLEMON